IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.    Case No. 19-10024-JWB

EUGENIO SERRANO-RAMIREZ,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss the indictment. (Doc. 13.) The government has filed its response. (Doc. 16.) For the reasons stated herein, Defendant's motion to dismiss (Doc. 13) is DENIED.

**I. Background**

Defendant is charged with one count of being unlawfully found in the United States in violation of 8 U.S.C. § 1326(a) and (b)(1). (Doc. 1.) The indictment alleges that Defendant is a citizen of Mexico, that he was previously removed or deported, and that he was found on January 7, 2019, in the District of Kansas, having voluntarily re-entered without obtaining consent to reapply for admission to the United States. (*Id.*)

Defendant's motion argues that "no predicate removal order that comports with due process exists" and therefore the government "is incapable of proving its case as a matter of law…." (Doc. 13 at 22.) The motion alleges that on February 11, 2010, Defendant was in jail in Battle Creek, Michigan, when he was served with a notice to appear ("NTA") by an agent of Immigration and Customs Enforcement ("ICE"). (*Id.* at 1-2.) The NTA alleged that Defendant

was subject to removal because he was in the United States in violation of section 212(a)(6)(A)(i) of the Immigration and Nationality Act,[1] and it directed Defendant to appear before an immigration judge at a location in Detroit "on a date to be set" and at "a time to be set" to show cause why he should not be removed from the United States. (Doc. 13-1 at 2.) The form contained a notice of rights, including an explanation of the right to be represented by an attorney and a statement that the hearing would not be set earlier than ten days from the date of the notice to allow Defendant sufficient time to secure counsel. (*Id.* at 3.) Defendant did not execute a portion of the form that permitted a waiver of the ten-day period. A certificate of service by the ICE agent indicates Defendant was personally served with the NTA on February 11, 2010, and was given a list of attorneys providing free legal services. (*Id.*)

On February 18, 2010, Defendant was mailed a "Notice of Hearing in Removal Proceedings" by the immigration court. The Notice of Hearing specified a master removal hearing was set for February 23, 2010, at 1:00 p.m. (Doc. 13-2.) Defendant's motion asserts that because this notice was mailed on February 18, Defendant received it no sooner than February 20, 2010, three days before the removal hearing. (Doc. 13 at 3.) Defendant appeared before an immigration judge on February 23, 2010. The immigration judge denied Defendant's application for voluntary departure and ordered his removal to Mexico. (Doc. 13-3 at 2.) The order (a preprinted form with hand-written markings) indicates Defendant waived an appeal. (*Id.*) The form is silent with respect to representation at the hearing.[2]

Defendant argues the NTA was defective for failing to specify a date and time for the hearing, as explained in *Pereira v. United States,* 138 S. Ct. 2105 (2018). Because *Pereira* holds

---

[1] "An alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible." 8 U.S.C. § 1182(a)(6)(A)(i).
[2] The order states in part that it is "a summary of the oral decision entered on 2-23-10" and that "[i]f the proceedings should be appealed or reopened, the oral decision will become the official opinion in this case." (Doc. 13-13 at 2.)

that a document lacking such information does not constitute a "notice to appear" within the meaning of 8 U.S.C. § 1229(a), Defendant argues the immigration court lacked subject matter jurisdiction to order his removal. This is so because the regulations provide that "[j]urisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service," and Defendant argues that an NTA under § 1229(a) constitutes the charging document for these purposes. (Doc. 13 at 7-8) (citing 8 C.F.R. § 1003.14(a)). Absent an NTA satisfying § 1229(a), he contends, his removal proceedings were "void and in violation of due process." (Doc. 13 at 4.) Defendant contends the indictment must be dismissed as a result.

Defendant further argues that any reliance on the later Notice of Hearing to cure the initial failure to specify the hearing's date and time is unavailing, because the regulations require DHS, not the immigration court, to issue the NTA that vests the immigration court with jurisdiction, and also because the Notice of Hearing only gave Defendant two or three days to obtain representation. (*Id.* at 5.) Defendant argues this "fails the due process test under the U.S. Constitution" and "poisons the entire removal process." (*Id.*) Defendant asserts it does not matter that these issues were not raised in administrative or judicial appeals because subject matter jurisdiction cannot be waived.[3] (Doc. 13 at 12.) Defendant also argues he suffered prejudice from the deficient notice because he was "removed when he could not have been [lawfully removed] under the laws set forth by Congress." (*Id.* at 14.)

Defendant acknowledges there is conflicting case law on this issue after *Pereira*, and that two circuit courts have taken a position inconsistent with his argument. (*Id.* at 15.) But he points

---

[3] Defendant also argues he was excused from exhausting remedies or seeking judicial relief because it would have futile to do so. But "[b]ecause administrative exhaustion is required by a statute (8 U.S.C. § 1326(d)(1)), no futility exception exists." *United States v. Contreras-Cabrera,* ___F. App'x ___, 2019 WL 1422626, *2 (10th Cir. Mar. 29, 2019) (citation omitted).

out the Tenth Circuit has not ruled on the issue, and he maintains that cases such as *United States v. Virgen-Ponce*, 320 F. Supp.3d 1164 (E.D. Wa. 2018), which dismissed a § 1326 indictment based upon *Pereira*, are more persuasive.

**II. Discussion**

Neither party has requested an evidentiary hearing or challenged the facts alleged in the briefs. The court accordingly accepts as uncontested the non-conclusory facts set forth in the briefs and those shown in the documents attached to the briefs.

The undersigned has twice ruled previously that service of an NTA that failed to meet the standards of *Pereira*, followed by service of a notice that specified the time and date of a removal hearing, did not deprive the immigration court of subject matter jurisdiction to order removal and did not satisfy or excuse the limitations on collateral attack in 8 U.S.C. § 1326(d). *See United States v. Larios-Ajualat,* No. 18-10076-JWB, 2018 WL 5013522 (D. Kan. Oct. 15, 2018), *United States v. Lira-Ramirez,* No. 18-10102-JWB, 2018 WL 5013523 (D. Kan. Oct. 15, 2018). Other judges in this district have reached a similar conclusion. *See e.g., United States v. Garcia-Valadez,* No. 18-10144-EFM, 2019 WL 1058200 (D. Kan. Mar. 6, 2019); *United States v. Chavez,* No. 17-40106-HLT, 2018 WL 6079513 (D. Kan. Nov. 21, 2018).

As Defendant concedes, at least two circuit courts have found the immigration court has jurisdiction to order removal notwithstanding the use of an NTA that failed to specify the time and date of the hearing. *Karingithi v. Whitaker,* 913 F.3d 1158 (9th Cir. 2019) (the regulations, not § 1229(a), address the immigration court's jurisdiction, and the regulations do not mandate that an NTA include the time and date of the hearing); *Hernandez-Perez v. Whitaker*, 911 F.3d 305 (6th Cir. 2018) (immigration court jurisdiction vests provided notice with the time and date of the hearing is issued after the deficient NTA.) *Cf. United States v. Contreras-Cabrera*, ___F. App'x

___, 2019 WL 1422627 (10th Cir. Mar. 29, 2019) (concluding immigration court had jurisdiction but noting removal was conducted under a 1992 statute that did not require an NTA to contain the time and date of the hearing).

After examining the relevant case law,[4] the court finds the immigration court did not lack subject matter jurisdiction despite the NTA's failure to specify the time and date of the removal hearing. Moreover, the court finds the prerequisites for collateral review under 8 U.S.C. § 1326(d) have not been established or excused here. Without fully restating its prior legal analysis, the court incorporates by reference its discussion of these issues in *United States v. Larios-Ajualat*, No. 18-10076-JWB, 2018 WL 5013522 (D. Kan. Oct. 15, 2018) and *United States v. Lara-Ramirez,* No. 18-10102-JWB, 2018 WL 5013523 (D. Kan. Oct. 15, 2018). In summary, the court finds the subject matter jurisdiction of the immigration courts was conferred by Congress in 8 U.S.C. § 1229a and is not affected by filing of an NTA; that 8 C.F.R. § 1003.14 refers to acquisition of personal jurisdiction over a person for purposes of ordering his removal; that the regulations do not require an NTA to include the date and time of the removal hearing to constitute a "charging document" that vests the immigration court with jurisdiction (*see* 8 C.F.R. § 1003.15); and that notwithstanding the defective nature of this NTA under *Pereira*, Defendant must still meet the requirements for collateral review in § 1326(d) by showing exhaustion of administrative remedies, that he was deprived of an opportunity for judicial review, and that the removal proceeding was fundamentally unfair.

Defendant does not argue the prerequisites for collateral review under § 1326(d) are satisfied. He does not claim to have exhausted administrative remedies or to have been deprived of the opportunity for judicial review. The record of the removal proceeding indicates Defendant

---

[4] An excellent survey of the case law on this issue was set forth by Judge Hanen in *United States v. Porras-Avila,* No. 19-cr-010, 2019 WL 1641191 (S.D. Tex. Apr. 16, 2019).

waived an appeal of his removal order, and Defendant does not argue the waiver was unknowingly made. Rather, Defendant argues he "is excused from the administrative and judicial review requirements because the removal order never had legal force to begin with." (Doc. 13 at 21.) For the reasons indicated above, the court concludes the immigration court had subject matter jurisdiction to order Defendant's removal. But even if the court were to find otherwise, Defendant's argument fails because Congress has limited the ability of a person charged under § 1326 to collaterally attack a deportation order. Defendant's failure to satisfy those prerequisites bars his collateral challenge. *See United States v. Almanza-Vigil*, 912 F.3d 1310, 1316 (10th Cir. 2019) (Congress codified the Fifth Amendment right to due process in § 1326(d); a non-citizen seeking to collaterally attack a previous removal order must meet the three conditions in that provision). Nothing in § 1326(d) excuses or exempts a failure to exhaust remedies or to seek judicial review where the claimed error was jurisdictional in nature. 8 U.S.C. § 1326(d) ("an alien *may not challenge the validity of the deportation order … unless*" the alien meets three conditions) (emphasis added); *United States v. Olguin-Ibarra,* 2019 WL 1029960, *5 (W.D. Tex. Jan. 7, 2019) ("there is no indication that Congress or the *Mendoza-Lopez* Court intended to treat jurisdictional defects any different than any other type of invalid or unlawful removal order."); *United States v. Gonzalez-Ferretiz*, No. 3:18-CR-117, 2019 WL 943388, at *4 (E.D. Va. Feb. 26, 2019) ("Allowing collateral challenges in Section 1326 prosecutions outside of Section 1326(d) flies in the face of the clear statutory text and Congress' intent.") Defendant's argument for a special "subject-matter jurisdiction" exception to § 1326(d) is based on the erroneous premise that subject-matter jurisdiction is always subject to collateral challenge. That is not the law. *See e.g., Travelers Indem. Co. v. Bailey,* 557 U.S. 137, 152 (2009) ("Those orders are not any the less preclusive because the

attack is on the Bankruptcy Court's … subject-matter jurisdiction, for '[e]ven subject-matter jurisdiction … may not be attacked collaterally.") (citation omitted.)

Defendant also claims that receiving notice of the date and time of the hearing only two or three days before it was held was a "clear failure to provide adequate notice to obtain representation" and thereby violated his right to due process. (Doc. 13 at 19.) A person subject to a removal proceeding "shall have the privilege of being represented (at no expense to the Government) by such counsel … as he shall choose." 8 U.S.C. § 1362. In order that an alien be permitted the opportunity to secure counsel, the hearing date "shall not be scheduled earlier than 10 days after service of the notice to appear, unless the alien requests in writing an earlier hearing date." 8 U.S.C. § 1229(b). *See also Pereira,* 138 S. Ct. at 2214-15 (noting in dicta that the opportunity to obtain counsel may not be meaningful if, given the absence of a specified time and place, the noncitizen has minimal time and incentive to plan accordingly, and his counsel receives limited notice and time to prepare). In this case, defendant knew about the removal proceedings against him at least twelve days before the actual hearing. His receipt of the notice was his impetus to seek counsel if he chose to do so. Even assuming, however, that the short notice of the NTA deprived Defendant of the ten days required by statute and amounted to a deprivation of due process, Defendant has failed to show any resulting prejudice that would support relief under § 1326(d).

The Fifth Amendment guarantee of due process "speaks to fundamental unfairness; before we may intervene based upon a lack of representation petitioner must demonstrate prejudice which implicates the fundamental fairness of the proceeding." *Mateo v. Holder,* 506 F. App'x 756, 759 (10th Cir. 2012) (citing *Michelson v. INS,* 897 F.2d 465, 468 (10th Cir. 1990)). Defendant was notified of a right to have an attorney present and was given a list of potential representatives

twelve days before the hearing, and he was then specifically notified of the hearing's date and time two or three days ahead of the hearing. Defendant's motion does not allege that he would have obtained representation for the hearing had he been given more than two days' specific notice. The motion also does not state whether the immigration judge asked Defendant at the removal hearing whether he wanted more time to obtain representation. Nor does it state whether Defendant requested any additional time or waived a right to representation during the hearing. A proceeding is "fundamentally unfair" only if it causes prejudice to the alien. *United States v. Aguirre–Tello,* 353 F.3d 1199, 1207–09 (10th Cir.2004). In this context, prejudice ordinarily "means a reasonable likelihood that, but for the errors complained of, he would not have been deported." *Larios-Ajualat,* 2018 WL 5013522, at * 5 (quoting *United States v. Aguirre-Tello*, 353 F.3d 1199, 1208 (10th Cir. 2008)). Defendant not only fails to claim he would have obtained counsel had he been given greater notice, he also cites nothing to suggest any plausible grounds, legal or equitable, on which he might have avoided removal with the aid of an attorney. Absent such a showing, Defendant cannot successfully challenge the validity of the prior removal order.

**III. Conclusion**

IT IS THEREFORE ORDERED this 9th day of May, 2019, that Defendant's motion to dismiss the indictment (Doc. 13) is DENIED.

                                                           s/ John W. Broomes
                                           JOHN W. BROOMES
                                           UNITED STATES DISTRICT JUDGE